### BUTTERWORTH v. DEGNON CONTRACTING CO.

(Circuit Court of Appeals, Second Circuit. April 7, 1914.)

#### No. 245.

1. RECEIVERS (§ 90*)—ASSUMPTION OF PERFORMANCE OF OBLIGATIONS.

Where the receiver of a corporation, when appointed, found a contract for the transportation of large quantities of stone partly performed, it was his duty to proceed with the contract if beneficial to the estate, and to abandon it if not beneficial.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 164–166; Dec. Dig. § 90.*]

2. RECEIVERS (§ 90*)—ASSUMPTION OF PERFORMANCE OF OBLIGATIONS.

Where the receiver of a corporation, when appointed, found a contract for the transportation of quantities of stone partly performed, but was unable to determine whether it would be beneficial to the estate to proceed therewith, he properly proceeded to transport some of the stone, until it was ascertained that it would not be beneficial to proceed with the contract, and he was entitled to recover on a quantum meruit for the services performed before abandoning the contract.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 164–166; Dec. Dig. § 90.*]

3. RECEIVERS (§ 171*)—ASSUMPTION OF PERFORMANCE OF OBLIGATIONS.

Where the receiver of a corporation proceeded under a contract partly performed by the corporation prior to his appointment, until it was ascertained that performance would not be beneficial to the estate, the damages from the corporation's failure to complete the contract could not be set off against the receiver's claim for compensation for the work performed by him.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 325; Dec. Dig. § 171.*]

In Error to the District Court of the United States for the Southern District of New York.

On writ of error to the District Court for the Southern District of New York to review a judgment entered upon a verdict directed by the court in favor of the defendant. 208 Fed. 381. Both parties moved for the direction of a verdict. Reversed.

The parties will be referred to as they appear on the record of the District Court, as plaintiff and defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Culver & Whittlesey and Walter Gordon Merritt, all of New York City, for plaintiff in error.

Parker & Aaron and Herman Aaron, all of New York City, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge.   The plaintiff is the receiver of the Gilbert Transportation Company, a Connecticut corporation with its principal office at Mystic in that state.   Its business at all times was carrying freight by water and it owned and operated a large number of vessels for that purpose.   The plaintiff, by virtue of his appointment dated October 5, 1909, was authorized to take possession of and manage all the company's vessels and property and to continue the conduct of its business.   Between October 5, 1909, and December 30, 1909, the plaintiff, as such receiver, transported on the company's vessels a large quantity of stone from Maine and discharged the same at places designated by the defendant, which was engaged in constructing the Cape Cod Canal at Barnstable Bay, Mass.

[1, 2]   These services were, it is alleged, reasonably worth $8,797.70, for which sum judgment is demanded.   The contract under which this stone was delivered and these services were rendered was not made by the plaintiff.   When he was appointed receiver he found the contract with the defendant company partly executed and the question immediately arose whether, as receiver, it was his duty to assume or disaffirm it.   It was impossible to reach a conclusion upon this question from the data then on hand.   Consequently the receiver, upon the advice of counsel, made 15 deliveries of stone between October 5 and December 30, 1909, when, being convinced that the contract was not a profitable one, he wrote on January 25, 1910, notifying the defendant that he, as receiver, did not regard the contract as a desirable asset and gave formal notice that he would not assume or become responsible for it.   It seems to us that he pursued the proper course.   On taking possession as receiver he found a contract which might develop into an exceedingly valuable asset.   Had he repudiated it, without investigation, he would have been guilty of a clear dereliction of duty.  .He was in duty bound to proceed with the contract if it were beneficial. to the estate administered by him and to abandon it if not beneficial.   He had a reasonable time to investigate before deciding this problem.   He concluded to try the experiment of transporting some of the stone and soon found that he could not continue without loss to the estate.   This being so, it was his duty to discontinue.   He had no right to go on with a contract which was certain to subject the creditors whose interest he was bound to protect, to additional loss.   How could the question whether or not the contract was a valuable asset be determined more satisfactorily than by trying the experiment of proceeding under the contract long enough to ascertain whether it was of any value to the creditors?   If the receiver had a right to make this experiment, and of this we think there can be no doubt, he is entitled to be paid on a quantum meruit for the value of the material furnished.   The service

was not rendered by the Transportation Company but by Butterworth, as receiver, and *as receiver* he is entitled to be paid.

[3] The defendant received services worth over $8,000; if these had been furnished by a new contractor the defendant would have had to pay for them in full. Why should it not pay the receiver? Why should the claim for damages against the Transportation Company be set off against the Degnon Company's debt to the receiver for stone transported by him after the failure of the company?

Regarding the first four items as set out in paragraph VIII of the complaint the plaintiff can recover only for such part thereof as was rendered by him. The work of discharging the stone as to all but the first two items was probably performed by him and this is true also as to a part of the transportation. Such part of the transportation and discharge as was done by the Transportation Company before the appointment of the receiver should be deducted from the amount demanded in the complaint.

The judgment is reversed with costs.